UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ETHAN SHADELL                                                                               PLAINTIFF
ADC #164173

V.                          No. 5:19-CV-00344-KGB-JTR

KENNETH STARKS, Captain; *et al.*                                               DEFENDANTS

### RECOMMENDED DISPOSITION

The following Partial Recommended Disposition ("PRD") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Ethan Shadell ("Shadell") filed this *pro se* § 1983 action alleging that, while he was a prisoner at the Cummins Unit of the Arkansas Division of Correction ("ADC"), Defendants violated his constitutional rights. *Docs. 2, 5.*

More particularly, Shadell alleges that, on May 3, 2019,: (1) Defendants

Lieutenant Quintin Mixon ("Mixon") and Captain Kenneth Starks ("Starks") used excessive force against him;[1] (2) Defendants Sergeant Eddie Knight ("Knight"), Corporal M. Bray ("Bray"), and Corporal Lakendra Smith ("Smith") failed to intervene to protect him from the use of excessive force by Mixon and Starks; and (3) Defendants Bray and Smith denied Shadell medical care for the injuries he sustained. *Doc. 2 at 2-4; Doc. 5 at 6.* He seeks an award of monetary damages against each of the Defendants, in their individual capacities.[2]

The Court allowed Shadell to proceed with his excessive force, failure to intervene, and denial of medical care claims against Defendants Starks, Mixon, Knight, Bray and Smith.

On August 7, 2020, Defendants Knight, Mixon, Smith, and Starks filed a Motion for Summary Judgment for Want of Administrative Exhaustion, a Brief in Support and a Statement of Undisputed Facts. *Docs. 21-23*. Shadell filed a Response, Brief and Statement of Facts. *Docs. 38-40*.

For the reasons explained below, the Court recommends that Defendants' Motion be granted, and that Shadell's claims against Knight, Mixon, Smith, and

---

[1]According to Shadell: (1) Mixon dragged him across the floor, then yanked him to his feet, which injured his wrist; and (2) Starks later yanked Shadell's arm through the cell-door trap, then pulled out his tazer and shot him, causing severe pain and paralysis. *Doc. 2 at 2-4.*

[2]At the screening stage, the Court dismissed Shadell's official capacity claims and his claim against the ADC. *Doc. 6, 42.*

2

Starks be dismissed for failure to exhaust administrative remedies. The Court also recommends that Shadell's claims against Bray be dismissed for the same reason.[3]

## II. Discussion

### A. The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") requires prisoners to fully and completely exhaust their administrative remedies *before* filing a § 1983 action: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the

---

[3] Bray is no longer employed by the ADC and is proceeding *pro se*. While Bray has not formally joined in the Defendants' Motion for Summary Judgment, Shadell's claims against Bray should also be dismissed, without prejudice. *See Angelo Iafrate Constr. LLC v. Potashnick Constr.*, Inc. 370 F.3d 715, 722 (8th Cir. 2004) (explaining that "if an answering party asserts a defense on the merits that equally applies to the other defendant, the success of the defense operates as a discharge to all the defendants"); *Owens/Mitchell v. Burl,* Case No. 4:14CV00126 DPM (E.D. Ark. May 7, 2014) (unpublished opinion) (holding, in a prisoner § 1983 action, that the "non-moving Defendants" were entitled to dismissal based on a statute of limitations defense that was raised by other defendants), *aff'd without comment*, 2014 WL 1820639 (8th Cir. Sept. 29, 2014) (unpublished decision*)*.

preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies *as to each claim* in the complaint; and (2) complete the exhaustion process *before* initiating the §1983 action. *Jones,* 549 U.S. at 211, 219-20, 223-24; *Woodford*, 548 U.S. at 93-95; *Burns v. Eaton,* 752 F.3d 1136, 1141-42 (8th Cir. 2014). Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must comply with the exhaustion requirements of the incarcerating facility before filing suit *and* satisfy all procedural steps necessary to allow the decision-maker to reach and decide *the merits* of the grievance.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver; (2) a timely "Step Two" formal grievance raising the claim with a designated Step Two decision-maker; and (3) a timely Step Three appeal to the ADC Chief Deputy/Deputy/Assistant Director. *Doc. 21-2, Ex. B at pp. 5-13*

(ADC Adm. Dir. 14-16 § IV(E) through (G)).[4] The ADC's exhaustion policy requires that, in connection with each claim, an inmate must "*specifically name each individual involved*," and must include a "brief statement that is specific as to the substance of the issue or complaint to include the date, place [and] *personnel involved* or witnesses." *Id., Ex. B at pp. 6-8,* (§§ IV(C)(4) & (E)(2)) (emphasis added).

The grievance forms themselves repeat these instructions to ensure that prisoners are aware of them. *See*, *e.g.*, *Doc. 21-3 at p. 3* ("[B]e specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected."). Finally, the ADC's exhaustion policy cautions prisoners that they "must fully exhaust the grievance prior to filing a lawsuit, and that failure "to name all parties

---

[4] In support of their Motion, Defendants have attached: (1) a complete copy of ADC Adm. Dir. 14-16; and (2) a Declaration from Terri Grigsby Brown that explains she searched for:
 (a) "any exhausted non-medical grievances filed from May 3, 2019, through November 1, 2019, pertaining to his claims in the present lawsuit"; and
 (b) "any non-exhausted non-medical grievances, filed from May 3, 2019 through November 1, 2019, that specifically named or made reference to Kenneth Starks, Eddie Knight, Quinton Mixon, or LaKendra Smith."
*See Exhibits A and B to Motion for Summary Judgment, Doc. 21-1 through 21-2.* The first prong of this search was broad enough to identify any grievances filed by Shadell against Bray. According to Brown's Declaration, she located only two relevant grievances: CU-19-00600 and CU-19-00610. CU-19-00600 names Starks, Knight, Smith, and Bray; CU-19-00610 names Mixon. *See* Exh. A, Brown Decl., *Doc. 21-1* at ¶¶ 33, 34, 44; Exhs. C and D, Grievances, *Docs. 21-3 and 21-4*.
Finally, Brown's Declaration goes on to explain why Shaddell failed to properly exhaust either of those two grievances. *See* Exh. A, Brown Decl., *Doc. 21-1* at ¶¶ 34-51.

5

during the grievance process may have their lawsuit or claim dismissed by the court … for failure to exhaust against all parties." *Doc. 21-2, Ex. B at pp. 4-5* (§ IV(C)(4)).

> **B. Shadell Failed To Properly Exhaust His Administrative Remedies On Any of The Claims He Is Asserting Against The Remaining Defendants In This Action**

According to the Declaration of Terry Grigsby Brown, the Inmate Grievance Supervisor for the ADC, the only two relevant grievances are Grievances CU-19-00600 and CU-19-0610. For the reasons explained below, Shadell failed to *properly exhaust* either of those grievances.

On May 13, 2019, Shadell filed *two* Step One informal resolutions, later designated Grievances CU-19-00600 and CU-19-00610. In one of those informal resolutions, Shadell complained that he was subjected to excessive force, on May 3, 2019, when Starks tazed him, in the presence of Knight and Bray, who did nothing to stop that use of force and later denied medical attention for his injuries. *Doc. 21-3 at pp. 1, 3*. In the other informal resolution, Shadell complained that Mixon also used excessive force against him, on May 3, 2019, in what appears to be a separate use of force incident. *Doc. 21-4 at p. 1*.

On May 30, 2019, Shadell satisfied the Step Two filing requirements and his informal resolutions were designated Grievances CU-19-00600 and CU-19-00610. *Doc. 21-3 at p. 5*; *Doc. 21-4 at p. 3*. Under the ADC's exhaustion policy, Shadell was required to file these Step Two formal grievance "no later than six (6) working

days" from May 13, 2019, the date he submitted the informal resolutions. *Doc. 21-2*, Ex. B at pp. 7-8 (§ IV(E)(11)). Instead, Shadell waited seventeen days, until May 30, 2019, to file the Step Two grievances. Apparently recognizing that he had filed these Step Two grievances well beyond six working days from May 13, 2019, Shadell noted on the forms that he was "never given [a] response" to his May 13th informal resolutions, suggesting that his filing delay should be excused.[5] The Step Two decision-makers denied both grievances as *untimely*.[6] *Doc. 21-3 at pp. 3, 5*; *Doc. 21-4 at pp. 2-3*.

Shadell filed a timely Step Three appeals challenging the denial of both grievances. The Chief Deputy Director denied Shadell's appeals of Grievances CU-19-0600 and CU-19-06100 on the *procedural ground* that he failed to include with

---

[5] The ADC's exhaustion policy makes it clear that, if a prisoner has not received a response to his informal resolution by the sixth working day after filing it, he must file the Step Two grievance on the sixth working day. *Doc. 21-2*, Ex. B at pp. 7-8 (§ IV(E)(11) (if the inmate receives no response at Step One, the Step Two formal grievance "must be filed no later than six (6) working days from the submission of the Unite Level Grievance").

[6] In his Response to Defendants' Motion for Summary Judgment, Shadell also argues that his Step Two grievances were improperly rejected because the Step Two decision-maker found Shadell was attempting to grieve a "disciplinary matter." ADC rules prohibit prisoners from grieving "disciplinaries." To the extent that Shadell was attempting to grieve the use of excessive force without challenging a disciplinary conviction, it may have been improper to deny the grievances on this procedural ground. However, it is unnecessary to reach this issue because both grievances were appropriately denied as *untimely*. On this legitimate basis, the Step Two decision-maker clearly did *not* reach and decide *the merits* of either grievance.

his appeals the required copy of the Unit Level Grievance Form (Attachment I).[7] *Doc. 21-3 at p. 6*; *Doc. 21-4 at p. 4*. As a result, the Chief Deputy Director also did not reach and decide *the merits* of either appeal, as required by the PLRA. Thus, Shadell failed to *properly* exhaust his administrative remedies before initiating the claims he is now asserting against Starks, Knight, Mixon, Smith, and Bray.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The Motion for Summary Judgment (*Doc. 21*) filed by Defendants Starks, Knight, Mixon, and Smith be GRANTED.

2. All claims asserted against Starks, Knight, Mixon, Smith, and Bray be DISMISSED WITHOUT PREJUDICE for want of failure to exhaust administrative remedies.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 5th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[7] The ADC's exhaustion policy explicitly states that, in appealing the denial of the Unit Level Grievance, the inmate "must include the original Unit Level Grievance Form (Attachment I), which describes the matter originally grieved." *Doc. 21-2, Ex. B at p. 11 (§ IV(G)(2))*.