IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ETHAN SHADELL**  **PLAINTIFF**
**ADC # 164173**

v.  Case No. 5:19-cv-00344-KGB-JTR

**KENNETH STARKS,**
**Captain,** *et al.*  **DEFENDANTS**

## ORDER

The Court has reviewed the Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray recommending that the Court dismiss plaintiff Ethan Shadell's claims against defendants Kenneth Starks, Quintin Mixon, Eddie Knight, LaKendra Smith, and Markilo Bray, without prejudice, for failure to exhaust his administrative remedies (Dkt. No. 45). The Court writes separately to address Mr. Shadell's objections to the Recommended Disposition (Dkt. No. 46).

In his objections to the Recommended Disposition, Mr. Shadell argues that he "filed grievances CU-19-00600 and CU-19-00610 on 5-13-2019 alleging use of force, physical abuse, and denial of medical treatment." (*Id.*, at 2). Mr. Shadell asserts that, under the Arkansas Division of Correction's ("ADC") grievance policy, when an inmate alleges "sexual assault, physical abuse or sexual misconduct/harassment by staff," the inmate may claim the grievance is an "Emergency Grievance," may go directly to step two of the grievance process, and is not required to complete step one of the grievance process (*Id.*, at 2). Mr. Shadell contends that, based on the "Emergency Grievance" provisions of the ADC grievance policy, the Court should find that his grievances were filed timely and exhausted properly (*Id.*, at 2-3).

Mr. Shadell's argument is contradicted, however, by grievance forms CU-19-00600 and CU-19-00610, which defendants produced in support of their motion for summary judgment, and by Mr. Shadell's own acknowledgement that, in order for ADC officials to consider the grievance an "Emergency Grievance" under the ADC grievance policy, he was required to "fill in the date beside 'Emergency Grievance' on the Unit Level Grievance Form," which Mr. Shadell admits he did not do on either grievance form CU-19-00600 or CU-19-00610 (*Id.*, at 2-3; *see also* Dkt. No. 21-3, at 3-4).[1] Consequently, the "Emergency Grievance" portion of the ADC grievance policy is not applicable to Mr. Shadell's case and does not excuse his failure to pursue timely his grievances at step two of the ADC grievance process.

Mr. Shadell also argues in his objections that ADC officials' failure to process timely his grievances at step one and return the grievances to him excuses his untimely filing at step two of the grievance process (Dkt. No. 46, at 3). Judge Ray directly addressed and rejected this argument in his Recommended Disposition (Dkt. No. 45, at n. 4). As Judge Ray explained, the ADC grievance policy "makes it clear that, if a prisoner has not received a response to his informal resolution by the sixth working day after filing it, he must file the Step Two grievance on the sixth working day." (*Id.* (citing Dkt. No. 21-2, at 7-8)). Accordingly, ADC officials' failure to respond to Mr. Shadell's step one grievance did not excuse Mr. Shadell's failure to proceed timely to step two of the grievance process.

Finally, Mr. Shadell asserts that ADC officials should not have rejected his grievances for being about a non-grievable, disciplinary matter. Judge Ray directly addressed and rejected this

---

[1] The ADC grievance policy provides that, "[I]f the inmate believes the matter to be an emergency, he/she will fill in the date beside 'Emergency Grievance' on the Unit Level Grievance Form to designate an emergency, and present the form to any staff, but preferably the designated problem-solving staff." (Dkt. No. 21-2, at 6).

argument as well stating, "ADC rules prohibit prisoners from grieving 'disciplinaries.' To the extent that Shadell was attempting to grieve the use of excessive force without challenging a disciplinary conviction, it may have been improper to deny the grievances on this procedural ground. However, it is unnecessary to reach this issue because both grievances were appropriately denied as untimely." (Dkt. No. 45, at n. 6).

Upon a *de novo* review of the record, including the Recommended Disposition and Mr. Shadell's objections, the Court finds that Mr. Shadell's objections break no new ground and fail to rebut the Recommended Disposition. Thus, the Court agrees with the Recommended Disposition and adopts it in its entirety as this Court's findings in all respects (Dkt. No. 45). The Court grants the motion for summary judgment (Dkt. No. 21). The Court dismisses Ethan Shadell's claims against defendants Kenneth Starks, Quintin Mixon, Eddie Knight, LaKendra Smith, and Markilo Bray, without prejudice, for failure to exhaust his administrative remedies (Dkt. Nos. 2, 5). The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal of this Order and the accompanying Judgment would not be taken in good faith.

It is so ordered this 30th day of March, 2021.

_____
Kristine G. Baker
United States District Judge